Filed 3/1/13  P. v. Hempe CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054888 |
| v. | (Super.Ct.No. FWV1002625) |
| JONATHAN RICARDO HEMPE, | ORDER MODIFYING OPINION AND DENYING PETITION FOR |
| Defendant and Appellant. | REHEARING [NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on February 4, 2013, is hereby modified, as follows:

On page 4, delete the first paragraph, and replace it with the following:

We offered defendant an opportunity to file a personal supplemental brief, and granted numerous extensions at his request, but he did not do so until after this opinion was initially filed on February 4, 2013.  On February 14, 2013, defendant filed a 15-page letter, with exhibits, raising a number of issues, which he divides into three main categories.

Defendant first argues his two attorneys provided ineffective assistance of counsel when they allowed him to plead guilty and failed to:  file an appeal on his behalf;

1

investigate; present evidence or witness testimony; present certain jury instructions on the defenses of ignorance, mistake of facts or necessity; and file a *Pitchess* motion. Here, defendant did receive the assistance of appointed appellate counsel, and so any deficiencies by his trial attorneys in failing to file an appeal did not prejudice him. A cognizable claim of ineffective assistance of counsel following a guilty plea requires a showing that the defendant would not have pled guilty and insisted on going to trial but for counsel's incompetent advice. (*In re Resendiz* (2001) 25 Cal.4th 230, 253.) Such a claim must be corroborated by independent, objective evidence. (*Ibid.*) Pertinent factors to be considered include the advice actually given by counsel, whether counsel accurately and effectively communicated the terms of the offer to the defendant, and the difference between the offer and the probable consequences of proceeding to trial, as viewed at the time the offer was made. (*Ibid.*) Defendant does not make this showing with regard to his claims on the presentation of evidence and witnesses, as well as jury instructions. Defendant does not state with any specificity what information his attorneys would have uncovered had they investigated to his satisfaction. Finally, defendant does not explain, much less establish, how filing a *Pitchess* motion would have resulted in a better outcome for him.

Next, defendant argues he was denied equal protection and due process because: his attorneys were not able to sever his case from that of his codefendant "as well as any other motions which would have led to a different outcome;" and his attorneys "unjustly conspired with the District Attorney" to deny him discovery, ignored $2,800 in marked currency found on his person and unjustly increased the amount of victim restitution. Regarding the severance motion, we cannot find any mention in this record that the defense filed or orally made such a motion. To the extent this is a claim of ineffective assistance of counsel for failing to make a severance motion, defendant fails to establish both ineffective assistance and prejudice therefrom. Regarding the "any other motions" claim, we are unable to determine to what he is referring. Regarding the claims his attorneys conspired with the District Attorney, such claims based on matters outside the record on direct appeal are more appropriately raised in a

habeas corpus proceeding.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)  We must therefore reject these claims.

Defendant's third main contention is unintelligible.  He refers in several places to an inmate labor program and joint ventures.  In addition, he attaches as an exhibit several pages of a document published by the Department of Corrections and Rehabilitation about a Joint Venture Program that provides employment for inmates, but we are unable to determine what appealable issue he intends to raise.  Because defendant fails to present this argument in a cogent manner, we need not consider the issue.  (*People v. Bonin* (1989) 47 Cal.3d 808, 857, fn. 6.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

Except for this modification, the opinion remains unchanged.  This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P.J.

We concur:

RICHLI _____

J.

MILLER _____

J.

3

Filed 2/4/13  P. v. Hempe CA4/2 (unmodified version)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054888 |
| v. | (Super.Ct.No. FWV1002625) |
| JONATHAN RICARDO HEMPE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jonathan Ricardo Hempe is serving 33 years in prison after pleading guilty to robbery, extortion and burglary, and admitting a gun use enhancement.  As discussed below, we affirm the judgment.

1

On October 20, 2010, defendant and his codefendant were at the codefendant's home with two friends/victims talking and drinking. When the four men went for a drive, defendant and one of the victims, Paredes, got into an argument over money Paredes owed to defendant. At some point defendant had Paredes place a call to his father telling him he needed some money to pay off a debt. Defendant took the phone from Paredes and told the father that he had Paredes in the trunk of his car and that something bad would happen if he did not pay $1500. Defendant sent a text to his codefendant saying he was going to "smoke" both of the victims. Defendant was armed with a 9-millimeter handgun and his codefendant had a .357 revolver. The car pulled over to a desolate area and defendant told the two victims to "just get out of here." He also took their wallets and cell phones. As the victims walked away, defendant fired at them four times, striking Paredes once in the back. Defendant and his codefendant then drove to Paredes' residence and demanded money from the family while brandishing their handguns. The family handed over $600.

On October 22, 2010, the People filed a complaint charging defendant with two counts of attempted first degree murder (Pen. Code, §§ 664/187(a)),[1] two counts of second degree robbery (§ 211), two counts of assault with a firearm (§ 245, subd. (b)), extortion (§ 520), residential burglary (§ 459), possession of a short-barreled shotgun or rifle (§ 12020, subd. (a)), two counts of possession of a firearm by a felon (§ 12021, subd.

(a)(1)), and possession for sale of a controlled substance (§ Health & Saf. Code, § 11378). The People also alleged that defendant had a prior strike (§§ 1170.12 & 667, subds. (b)-(i)) and serious felony convictions (§ 667, subd. (a)(1)), and that he personally used a firearm and caused great bodily injury (§ 12022.53).

On April 26, 2011, defendant pled guilty to second degree robbery with personal use of a firearm (without the great bodily injury allegation), one count of extortion, and one count of residential burglary. Defendant also admitted to having one prior strike and one serious felony conviction.

On June 8, 2011, the trial court sentenced defendant to the agreed term of 33 years in prison, as follows: three years for the robbery, doubled to six years for the prior strike, 20 years for the firearm enhancement, two years for the robbery, a stayed term of two years and eight months for the burglary, and five years for the prior serious felony.

At the victim restitution hearing held on August 18, 2011, the trial court ordered defendant to pay $40,000 to Paredes for uninsured medical bills and $7,560 to the other victim. Defendant's liability is joint and several with that of his codefendant. Defense counsel agreed to these amounts. This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders*

---

*[footnote continued from previous page]*

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and granted numerous extensions at his request, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ      
        P. J.

We concur:

RICHLI      
     J.

MILLER     
     J.

4